IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-215-MEF |
| | ) | (WO) |
| ALBERTO VILLAREAL, | ) | |
| HARRY EDWARD JONES, III | ) | |
| SANTO COLEMAN | ) | |

# **O R D E R**

On November 24, 2006, the government filed a Motion to Continue (Doc. #99). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that defendant Villareal was arrested in Vancouver, Canada and the government will initiate proceedings to bring this defendant to the United States to stand trial. The government requests that this case be continued to allow the government to have

defendant present for trial.  The government submits that defendant Villareal is also a material witness in this matter and, therefore, the trial should be delayed to allow the government to obtain the physical presence of defendant Villareal in the United States.  The Court further notes that there has been no motion to sever or severance order entered in this case.  Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial.  *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1.  That the government's motion filed on November 24, 2006 is GRANTED;

2.  That the trial of this case is continued from the November 27, 2006 trial term to the March 12, 2007 trial term.

3.  That the Magistrate Judge conduct a pretrial conference prior to the March 12, 2007 trial term.

DONE this 29th day of November, 2006.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

2