IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:06-CR-215-MEF |
| | ) |
| ALBERTO VILLAREAL | ) |

## PLEA AGREEMENT

DEFENSE COUNSEL:         CHRISTINE A. FREEMAN

ASSISTANT U.S. ATTORNEY:   STEPHEN P. FEAGA

**COUNTS AND STATUTES CHARGED:**

Count 1.        21 U.S.C. § 846
               Conspiracy to violate 21 U.S.C. § 841(a)(1)

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1.        21 U.S.C. § 846

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 1.        21 U.S.C. § 846
               NLT 5Y, NMT 40Y;
               NMT $2,000,000; both
               NLT 4Y SUP REL;
               $100 AF; VWPA.

**ELEMENTS OF THE OFFENSE:**

21 U.S.C. § 846, conspiracy to violate 21 U.S.C. § 841(a)(1):

(1) There existed an agreement between two or more persons to violate 21 U.S.C. § 841(a)(1), by knowingly distributing and/or possessing with intent to distribute approximately three (3) kilograms of cocaine;

(2) The defendant knew of the agreement, and

(3) The defendant voluntarily participated in the agreement.

*United States v. Wilson*, 183 F.3d 1291, 1299 n. 13 (11th Cir.1999), *United States v. Toler*, 144

F.3d 1423, 1426 (11th Cir. 1998); *United States v. Garcia*, 672 F.2d 1349, 1369 (11th Cir. 1982);

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Stephen P. Feaga, Assistant United States Attorney and Christine A. Freeman, attorney for the defendant, pursuant to Rule 11(c)(1)(C) and 11(c)(1)(A), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and 11(c)(1)(A), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the government will do the following:

   a. Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) to reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of at least four (4) levels. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) is at the sole discretion of the United States. After sentencing, should Defendant provide further cooperation not contemplated by this agreement the Government may file for a further reduction pursuant to Fed. R. Crim. P. 35. Determination of whether to file

for a downward departure pursuant to Rule 35, and if a departure is filed, the level of that departure, is at the complete discretion of the Government.

    b.    The government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and this Court to allocate their resources efficiently, the government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligation to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    c.    The government, pursuant to Federal Rule Criminal Procedure 11(c)(1)(A), agrees that no other criminal charges for any conduct of the defendant known to the government as of the date of this agreement, will be brought, nor will any member of the defendant's immediate family be charged for any such matters.

    d.    The government will agree to recommend that the defendant receive intensive drug therapy while incarcerated.

    e.    The government will agree that the applicable base offense guideline provision is U.S.S.G. § 2D1.1(6); that the offense level deductions provided by the guideline provisions of U.S.S.G. §§ 2D1.1(b)(9), 3E1.1(b) and 5C1.2 apply.

    f.    The government will agree that the defendant should receive a sentence at the

3

low end of the applicable Guideline range..

  g. The forfeiture count of the Indictment will be dismissed as to this defendant and no forfeiture will be sought against this defendant.

  2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background and all such information shall be provided to defense counsel as well.

## DEFENDANT'S PROVISIONS

  3. The defendant agrees to the following:

  a. To plead guilty to Count 1 of the Indictment.

  b. To comply with the Cooperation Agreement set forth below.

## COOPERATION AGREEMENT

The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so, including, but not limited to testifying against any codefendant choosing to proceed to trial. The defendant understands that this agreement does not require the defendant to implicate any other particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government. The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows

4

about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly.

If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant.

## FACTUAL BASIS

The defendant admits the allegation charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that the defendant from an unknown date and continuing until on or about August 8, 2006, in the Middle District of Alabama and elsewhere, did knowingly and intentionally conspire, combine and agree together with the codefendants Harry Edward Jones III and Santo Coleman, and with other persons, to distribute and to possess with intent to distribute, approximately 3 kilograms of cocaine, a Schedule II Controlled Substance, in violation of 21 United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846. The parties stipulate that the amount of actual cocaine hydrochloride was 2518g.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

d. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. This waiver does not include the right to appeal or to seek post-conviction relief on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence, the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement required for sentencing, the defendant is

representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

  c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

  f. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the

attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

g.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court and if the Court does not accept the recommendation of the parties made in this plea agreement, the defendant will be free to withdraw his plea of guilty.

i.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crime charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant, to the extent known to the defendant.

5.  The undersigned attorneys for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(A) and (c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court

that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6.   The defendant understands that the United States Probation Office will prepare a pre-sentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 21 day of June, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

*[signature]*
Louis V. Franklin
Chief - Criminal Division
U.S. Attorney's Office
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax

*[signature]*
Stephen P. Feaga
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE A. FREEMAN.

*[signature]*
Alberto Villareal
Defendant

6/21/07
Date

*[signature]*
Christine A. Freeman
Attorney for the Defendant

6/21/07
Date

10